**SANDRA ANGLIN,**

                    **Plaintiff,**

**-vs-**                                               **Case No. 6:08-cv-689-Orl-22DAB**

**MAXIM HEALTHCARE SERVICES, INC.,**

                    **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO QUASH SUBPOENA TO NON-PARTY OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER (Doc. No. 30)**
>
> **FILED:** February 23, 2009
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff is suing Defendant for violations of the Fair Labor Standards Act ("FLSA") for overtime allegedly owed to her while employed as a home health companion. Doc. No. 1. Defendant has argued that Plaintiff has overstated her overtime hours.[1] Defendant took Plaintiff's deposition and subsequently subpoenaed time records from Plaintiff's privately owned company, Sandy's Home-Care, Inc., an entity for whom she performed work (as one of only two employees) at the same time she was working for Defendant Maxim. Doc. No. 30. Defendant contends that Plaintiff testified

---

[1] Defendant contends in the alternative that the job Plaintiff held during the relevant time frame qualifies for the companionship exemption under the FLSA, 29 U.S.C. § 213(a)(15), thus she was not eligible for overtime.

during deposition that if she was not working for Defendant, she was working at Sandy's. When she was working at Defendant, the other employee of Sandy's took care of Sandy's patients; Plaintiff testified that her husband (also employed by Defendant) did not work for Sandy's. Defendant's subpoena sought from Sandy's information for all employees of Sandy's Home-Care, Inc., from October 1, 2005 to the present (2009), "including but not limited to, names addresses, telephone numbers, personnel files, dates of hire and dates of termination"; and information for all patients of Sandy's Home-Care, Inc. from October 1, 2005 to the present, "including but not limited to, names, addresses, and telephone numbers."

As an initial matter, Plaintiff's objections regarding overbreadth, irrelevance, and lack of necessity are unavailing when asserted by Plaintiff because technically, as an individual, she lacks standing to assert such arguments or to quash the Subpoena served on the third-party Sandy's Home-Care, Inc., which has not moved to quash the subpoena or made an appearance in the case. Under Rule 45(c), the Court "shall quash or modify [a] subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or [if it] subjects a person to undue burden." FED.R.CIV.P. 45(c)(3)(A)(iii) and (iv). Generally a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997). A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable. *Id.*; *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D. Kan.1995). Absent a specific showing of a privilege or privacy interest, a court cannot quash a subpoena duces tecum. Plaintiff first argues that the documents are sought as part of "an unfounded fishing expedition"; they are overbroad, irrelevant, unnecessary, and fail to pertain to any of Defendant's defenses. Doc. No. 30.

Second, Plaintiff argues that any records which Sandy Home-Care, Inc., has for post-February 2008 are not relevant to Plaintiff's overtime during her employment with Defendant which ended in February 2008. Third, Plaintiff argues Defendant has failed to show a compelling reason to require the Sandy's Home-Care, Inc. to produce the confidential information relating to its clients protected by the Health Insurance Portability and Accountability Act ("HIPAA")[2].

Defendant contends that the information sought in the subpoena will assist in analyzing Plaintiff's credibility "by providing contact information for the individuals most affected by Plaintiff's allegedly long hours worked with Defendant" who may have "additional information to impart." Doc. No. 31. Defendant also argues that the information requested will also shed additional light on the amount of time Plaintiff spent working at Defendant and Sandy's, all of which bears on Plaintiff's credibility. Doc. No. 31 at 3.

**Analysis**

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947); *Farnsworth v. Procter and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke*, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Under Rule 26 relevancy is

---

[2]Plaintiff's Motion has erroneous references to "Michael White" and uses "he" or the plural "they" in certain places; the Motion also refers to her employment in the "customer service/retail industry."

"construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id.* at 352. Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States*, 502 F.2d 506 (5th Cir. 1974). Rule 26 was recently amended to restrict the scope of discovery to the claims or defenses of the parties, rather than merely the subject matter. *Donahay v. Palm Beach Tours & Transp., Inc.,* 242 F.R.D. 685, 687 (S.D. Fla. 2007).

Here, there are really two separate issues. As to the first, the Court finds that Defendant is entitled to subpoena the time records and personnel file of Plaintiff at her self-employed "second-job" – Sandy's Home-Care, Inc., and Defendant is also entitled to discover the identifying information of the other Sandy's employee(s) who, based on Plaintiff's testimony, covered for her when she was at work for Defendant. This evidence is reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's credibility as to the hours worked for Defendant and self-employed for Sandy's Home-Care. However, Defendant is not entitled to the personnel file of the other Sandy's employee(s). Defendant's argument that it needs records from after the time Plaintiff ended her employment in February 2008 in order to compare the hours to those pre-February 2008 is also well-taken; the time period in the subpoena will not be shortened.

The second issue is whether Defendant is entitled to information concerning Sandy's clients. Plaintiff devotes a single sentence to her argument that this information is privileged because it falls under HIPAA (Doc. No. 30 at 2), which the Court finds rather unhelpful. The Motion could be denied

for the lack of legal argument alone, however, the privileged information of Plaintiff's clients is the issue. Defendant responds that the information it seeks – name, address, and phone number – is not protected by HIPAA because it does not relate to the individual's care or treatment received, medical conditions, or any other personal information protected by HIPAA. In the case cited by Defendant, *Preferred Care Partners Holding Corp. v. Humana, Inc.*, Case No. 08-20424-Civ., 2008 WL 4926967, *2 (S.D. Fla. Nov. 14, 2008), the court held that producing contact information only did not relate to any medical records, or care, or payment for care that may have been provided, thus, the contact information was not "health information" or "individually identifying health information" subject to the restrictions of HIPAA. Similarly in this case Defendant's Subpoena seeks only contact information for Plaintiff's clients and does not seek any health information; the request is for information no different than a client list in any other line of business. The request is reasonably calculated to lead to the discovery related to Plaintiff's hours worked for Sandy's and for Defendant.

Plaintiff's Motion to Quash Subpoena to Non-Party or in the Alternative, Motion for Protective Order (Doc. No. 30) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record